■ George Karakostas, Respondent, v Plainview Avenue Associates et al., Appellants. [673 NYS2d 928] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated July 23, 1997, as, upon reargument, adhered to its prior determination in an order dated January 27, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

It is well settled that a plaintiff in a slip and fall case must establish that the defendant either created the defective condition which caused the plaintiff's fall or had actual or constructive notice of it. To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836; Nedd v Associated Hosp. Servs., 236 AD2d 455; Rotunno v Pathmark, 220 AD2d 570). Here, the evidence submitted by the defendants clearly established that they neither created nor had actual notice of the condition which caused the plaintiff's fall. In addition, contrary to the Supreme Court's conclusion, the evidence does not create a triable issue of fact that the defendants had constructive notice of the condition. Thus, the defendants' motion for summary judgment should have been granted. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.