■ TOMMY VAN SKYOCK et al., Appellants, v BURLINGTON NORTHERN-SANTA FE COMPANY, Respondent. [697 NYS2d 145] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 15, 1998, which granted the defendant's motion for summary judgment, and (2) a judgment of the same court, dated November 9, 1998, which is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

While attempting to move a bulkhead in a railroad boxcar owned by the defendant, Burlington Northern-Santa Fe

Company, the plaintiff Tommy Van Skyock (hereinafter Van Skyock) allegedly sustained injuries when a piece of metal from a strut in the boxcar fell and struck him in the head. The plaintiffs commenced the instant action against the defendant, claiming that it was negligent in the ownership, maintenance, etc., of the railroad boxcar. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

Although the defendant had a duty "to exercise ordinary care to provide a reasonably safe car", it "is liable only for such defects as might have been discovered by reasonable care in inspection" (*Bierzynski v New York Cent. R. R. Co.*, 31 AD2d 294, 297). The plaintiffs were also required to establish that the defendant either created or had actual or constructive notice of the allegedly dangerous condition which caused the injuries (*see, Freeman v Cobos*, 240 AD2d 698; *Karakostas v Plainview Ave. Assocs.*, 251 AD2d 549; *Nivens v New York City Hous. Auth.*, 246 AD2d 520). On its motion for summary judgment, the defendant demonstrated a prima facie case that it did not create or have notice of the allegedly dangerous condition (*see, Gianchetta v E.B. Mar.*, 258 AD2d 618; *Wheeler v Princess Assocs.*, 259 AD2d 611).

The plaintiffs' evidence in opposition to the defendant's motion failed to raise a triable issue of fact on this issue. The conclusion of the plaintiffs' expert that the subject boxcar was in the same condition on the date that he inspected it as it was on the date that Van Skyock was injured was based upon speculation (*see, Romano v Stanley*, 90 NY2d 444, 451; *Chambers v Roosevelt Union Free School Dist.*, 260 AD2d 594). Moreover, the plaintiffs' expert did not state the nature of his qualifications, nor did he identify authoritative material "'of a kind accepted in the profession as reliable in forming a professional opinion'" that supported his view (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726, quoting *People v Sugden*, 35 NY2d 453, 460-461; *see, Bova v City of Saratoga*, 258 AD2d 748).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.