■ MARGARET CORMACK et al., Appellants, v CROSS SOUND FERRY SERVICES, INC., Respondent. [710 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered August 2, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Margaret Cormack allegedly tripped and fell on a raised iron hinge cover plate as she descended a ramp leading away from the defendant's ferry to the dock. After depositions were completed, the defendant moved for summary judgment dismissing the complaint on the ground, *inter alia,* that it had no notice of the alleged defect. The Supreme Court granted the motion on the ground that the plaintiffs would not be able to make out a prima facie case since they could not state exactly what caused the injured plaintiff's fall. Although the motion to dismiss the complaint was properly granted, we disagree with the Supreme Court's reason for doing ·so. A plaintiff could make out a prima facie case showing the existence of negligence and causation by way of circumstantial evidence. Thus, the Supreme Court should not have granted the motion merely because neither of the plaintiffs would be able to testify exactly how the accident occurred (*see generally, Bradish v Tank Tech Corp.,* 216 AD2d 505).

The defendant, however, met its burden of showing a lack of notice of the allegedly defective condition, and that it did not create the condition complained of. The burden therefore shifted to the plaintiffs to demonstrate the existence of a question of fact. Since the proof offered by the plaintiffs was insufficient, the defendant's motion was properly granted (*cf., Napoli v Mazza,* 262 AD2d 466; *O'Hanlon v Bodouva,* 251 AD2d 474; *see generally, Dwoskin v Burger King Corp.,* 249 AD2d 358; *see*

*generally, Van Skyock v Burlington N.-Santa Fe Co.,* 265 AD2d 545).

The plaintiffs' remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.