■ SCOTT REED, Respondent, v PIRAN REALTY CORP. et al., Appellants. [818 NYS2d 58]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered April 6, 2005, which, insofar as appealed from,

denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff sues for injuries sustained when he fell backwards down the staircase in defendants' four-story walk-up apartment building, alleging, inter alia, that the fall was caused by the absence of a bullnose protector on one of the stairs and insufficient finger clearance on the handrail. Due to a brain injury sustained in the fall, plaintiff does not remember the surrounding events. According to plaintiff's girlfriend, plaintiff had just returned from a holiday party and was following her up the staircase when she turned and saw him lying at the bottom of the staircase, curled in the fetal position and unconscious. She neither saw what caused the fall nor knew what step plaintiff was on when he fell, but testified at her deposition that she had fallen at the same location on the staircase about two years earlier, and had complained to the building manager about the seventh step lacking a metal bullnose protector and the defective handrail at the same location.

Defendants demonstrated prima facie entitlement to judgment as a matter of law through the deposition testimony of plaintiff and his girlfriend that they were unable to identify the cause of the fall (*see Birman v Birman*, 8 AD3d 219 [2004]; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]). In opposition, plaintiff failed to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While plaintiff's evidence need not positively exclude every possible cause of his fall other than the alleged staircase defects, it must be sufficient to permit a finding of proximate cause based on logical inferences, not speculation (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). No reasonable inferences as to causation can be drawn from plaintiff's expert's opinion that the staircase violated several provisions of the New York City Administrative Code, creating an unsafe condition, in the absence of any evidence connecting the alleged violations to plaintiff's fall (*see Birman*, 8 AD3d at 219; *Kane*, 4 AD3d at 190; *see also Lynn v Lynn*, 216 AD2d 194 [1995]). Nor can such a connection be inferred from the deposition testimony of plaintiff's girlfriend and other building tenants, none of whom could say what step plaintiff was on when he fell or whether he tripped or slipped.

Accordingly, defendants are entitled to summary judgment. Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.