■ DANIELLE COSTANTINO, Appellant, v STEVEN FRANCIS WEBEL et al., Respondents. [869 NYS2d 179]—

Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action (*see Oettinger v Amerada Hess Corp.*, 15 AD3d 638 [2005]). In this case, the defendants made a prima showing of entitlement to judgment as a matter of law by establishing that the plaintiff could not identify the cause of her fall without engaging in speculation (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Barnes v Di Benedetto*, 294 AD2d 655 [2002]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The affidavit of her expert, which alleged that unsafe conditions in the doorway where the plaintiff fell violated various provisions of the building code, could not create a reasonable inference of causation in the absence of evidence connecting the alleged violations to the accident (*see Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Reed v Piran Realty Corp.*, 30 AD3d 319 [2006]). A determination that the alleged building code violations proximately caused the plaintiff's fall, rather

than a misstep or loss of balance, would be mere speculation (*see Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.