■ FILOMENA SANTOS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [902 NYS2d 574]—

In an action to recover damages for personal injuries, the defendant Cablevision Systems NYC Corp., appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 2, 2009, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant City of New York separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In February 2005 the plaintiff allegedly tripped and fell while crossing Broadway near its intersection with Granite Street in Brooklyn, allegedly as a result of a defect in the roadway. The plaintiff commenced this action against, among others, the defendants Cablevision Systems NYC Corp. (hereinafter Cablevision), and the City of New York. Cablevision cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that the plaintiff could not identify the exact location of the accident and that work performed on behalf of Cablevision approximately 20 months

prior to the occurrence could not have caused or contributed to the accident. The City subsequently cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not know what caused the accident.

In support of its cross motion, Cablevision submitted the deposition testimony of its construction manager, John Lynn, who acknowledged that Cablevision had been issued a street opening work permit for the period extending from May 19, 2003, to June 18, 2003, allowing it to excavate the roadway in the vicinity of the accident at the intersection of Broadway and Granite Street, and that a trench three feet deep was dug in the roadway at that location. The evidence submitted by Cablevision failed to eliminate all issues of fact as to whether Cablevision caused or contributed to the roadway defect which allegedly caused the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, Cablevision failed to establish its prima facie entitlement to judgment as a matter of law on the foregoing basis. Under these circumstances, it is not necessary to consider the sufficiency of the opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

Moreover, while the evidence submitted by the City established its prima facie entitlement to judgment as a matter of law, by demonstrating that the plaintiff could not identify the exact location of the accident, or the specific roadway defect which caused the accident (*see Howe v Flatbush Presbyt. Church*, 48 AD3d 419 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]), the evidence which the plaintiff submitted in opposition to the cross motions, including photographs of the alleged accident site, raised a triable issue of fact (*see* CPLR 3212 [b]).

Accordingly, the Supreme Court properly denied the appellants' respective cross motions for summary judgment. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.