■ JACQUELINE ESPINAL, Appellant, v SIX FLAGS, INC., et al., Respondents. [998 NYS2d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated December 14, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a staircase at Six

Flags Great Adventure amusement park in Jackson, New Jersey. The plaintiff claimed that when she stepped onto the second to last stair of the staircase, she felt something shift, causing her foot to move inwards and her body to fall forward. After she fell, the plaintiff noticed that a metal plate on the step was loose and a screw appeared to be missing from the plate.

The defendants established their prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by demonstrating that they did not create or have actual or constructive notice of any hazardous condition on the staircase (*see Nisivoccia v Glass Gardens, Inc.*, 175 NJ 559, 563, 818 A2d 314, 316 [2003]; *Brown v Racquet Club of Bricktown*, 95 NJ 280, 291, 471 A2d 25, 30 [1984]; *Schnatterer v Bamberger*, 81 NJL 558, 562, 79 A 324, 325-326 [1911]). The defendants submitted proof that they had received no complaints about the subject staircase at any time prior to the plaintiff's accident, and that on the day of the accident their employees had inspected the staircase twice prior to the accident, and found it to be intact. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the alleged hazardous condition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324). Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable here (*see Khan v Singh*, 200 NJ 82, 91, 975 A2d 389, 394-395 [2009]; *Szalontai v Yazbo's Sports Café*, 183 NJ 386, 398, 874 A2d 507, 515 [2005]; *Eaton v Eaton*, 119 NJ 628, 638, 575 A2d 858, 863 [1990]; *Brown v Racquet Club of Bricktown*, 95 NJ at 288, 471 A2d at 29; *Thompson v Giant Tiger Corp. of Camden*, 118 NJL 10, 13, 189 A 649, 650 [1937]; *Garland v Furst Store*, 93 NJL 127, 131, 107 A 38, 40 [1919]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the bill of particulars to allege a theory of res ipsa loquitur, since the amendment was palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796 [2013]; *Creese v Long Is. Light. Co.*, 98 AD3d 708, 711 [2012]; *Ramos v Baker*, 91 AD3d 930, 932 [2012]). Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.