■ Susan Mitgang, Appellant, v PJ Venture HG, LLC, et al., Respondents, and Cosentino Brothers Development, LLC, Defendant/Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [5 NYS3d 302]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated May 30, 2013, which granted the separate motions of the defendant Cosentino Brothers Development, LLC, and the defendants PJ Venture HG, LLC, and PJ Venture Co., LLC, for summary judgment dismissing the complaint insofar as asserted against each of them, and the separate motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the appeal from so much of the order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable by the appellant to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly fell while attempting to walk across a curb cut ramp descending from a sidewalk to an adjacent parking lot at the Cosentino Commerce Center in Commack. Thereafter, the plaintiff commenced this action against the owners and managers of the subject property, the defendants PJ Venture HG, LLC, and PJ Venture Co., LLC, and the construction contractor, the defendant Cosentino Brothers Development, LLC, to recover damages for personal injuries. Cosentino Brothers Development, LLC, commenced a third-party action against a subcontractor, Island Concrete Construction Corp. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted the motions.

"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall

without engaging in speculation" (*Ash v City of New York*, 109 AD3d 854, 855 [2013] [citations omitted]; *see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]).

"[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *see Ash v City of New York*, 109 AD3d at 855). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a slip and fall accident, any determination by the trier of fact as to causation would be based upon sheer conjecture" (*Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *see Ash v City of New York*, 109 AD3d at 855; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify the cause of her fall without resorting to speculation (*see Ash v City of New York*, 109 AD3d at 855-856; *Peluso v Red Rose Rest., Inc.*, 106 AD3d 972 [2013]; *Santos v City of New York*, 73 AD3d 900 [2010]; *Costantino v Webel*, 57 AD3d 472 [2008]). Even viewing the evidence in the light most favorable to the plaintiff and according her the benefit of all reasonable inferences (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]), her testimony that the cause of her fall was the dangerous elevation and slope gradation of the ramp rested entirely on speculation (*see Kloepfer v Aslanis*, 106 AD3d 956 [2013]; *Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [2010]). In opposition to the defendants' showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.