(April 29, 2015)

■ James Barone et al., Appellants, v Concert Service Specialists, Inc., et al., Respondents. [8 NYS3d 358]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Asarch, J.), dated November 14, 2012, as granted the motion of the defendant Concert Service Specialists, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810-811 [2010]; *see Smith v Jesadan Meat Corp.*, 120 AD3d 1332 [2014]; *Califano v Maple Lanes*, 91 AD3d 896 [2012]). Here, the defendant Concert Service Specialists, Inc. (hereinafter CSS), established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff James C. Barone (hereinafter Barone) was unable to identify the cause of his fall (*see Patrick v Costco Wholesale Corp.*, 77 AD3d at 811). As such, even accepting that CSS owed Barone a duty of care, CSS established,

prima facie, that the plaintiffs could not establish, without engaging in speculation, that its acts or omissions proximately caused Barone's fall (*see Racines v Lebowitz*, 105 AD3d 934 [2013]; *Costantino v Webel*, 57 AD3d 472 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted CSS's motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to amend their complaint. The plaintiffs failed to submit a proposed amended complaint with their cross motion as required by CPLR 3025 (b) (*see VFS Fin. v Insurance Servs. Corp.*, 111 AD3d 505, 506 [2013]; *Dragon Head LLC v Elkman*, 102 AD3d 552, 553 [2013]; *Muro-Light v Farley*, 95 AD3d 846, 847 [2012]). Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.