■ Rose Viviano, Appellant, v KeyCorp, Doing Business as KeyBank, Respondent. [9 NYS3d 154]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated June 3, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A plaintiff's inability to identify the cause of her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Ash v City of New York*, 109 AD3d 854, 855 [2013]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286 [2011]; *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1200 [2011]). Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many pos-

sible causes, is fatal to a cause of action (*see Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]; *Costantino v Webel*, 57 AD3d 472, 472 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, which demonstrated that the plaintiff did not know what had caused her to fall (*see Ash v City of New York*, 109 AD3d 854 [2013]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915 [2009]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's affidavit, in which she identified the cause of the accident as the uneven and worn loose asphalt of the defendant's driveway, presented what appears to be feigned issues of fact designed to avoid the consequences of her earlier deposition testimony, and was insufficient to defeat the defendant's motion (*see Hunt v Meyers*, 63 AD3d 685 [2009]; *Wright v South Nassau Communities Hosp.*, 254 AD2d 277 [1998]). In light of our determination, it is not necessary to address the merits of the parties' remaining contentions.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.