■ George Patrikis, Appellant, v Billis Arniotis et al., Respondents. [12 NYS3d 174]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated June 23, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence is denied.

The plaintiff allegedly was injured when he fell from an extension ladder owned by the defendants that slipped while he was climbing down from the roof of the defendants' home. The plaintiff returned to the defendants' home two weeks after

the accident and inspected the ladder, and observed for the first time that the rubber feet on the ladder were "totally eaten up, worn," and "destroyed."

The plaintiff thereafter commenced this action and asserted causes of action alleging violations of Labor Law §§ 240, 241 and 200, as well as common-law negligence. Following discovery, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action. "[W]hen a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (*Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]; *see Quituizaca v Tucchiarone*, 115 AD3d 924, 926 [2014]). While lack of constructive notice can generally be established by evidence demonstrating when the area or condition was last inspected relative to the time of the accident (*see Espinal v Six Flags, Inc.*, 122 AD3d 903, 904 [2014]; *Griffith v JK Chopra Holding, LLC*, 111 AD3d 666, 666 [2013]), the absence of rubber shoes on a ladder is a "visible and apparent defect," evidence of which may be sufficient to raise a triable issue of fact on the issue of constructive notice (*Erdely v Access Direct Sys., Inc.*, 45 AD3d 724, 726 [2007]). Here, the defendants satisfied their prima facie burden with evidence that the ladder had been inspected prior to the accident. The defendant Billis Arniotis (hereinafter Billis) testified that, since purchasing the ladder 20 years before the accident, he had used it once per week and had inspected its rubber feet each time. Billis last inspected the ladder one or two weeks before the accident and did not observe any wear at that time. However, the plaintiff testified that he inspected the ladder after the accident and found that its rubber feet were "totally eaten up, worn," and "destroyed." This conflicting evidence, coupled with Billis's testimony that the ladder had not been used between the time of the accident and the plaintiff's inspection, raised a triable issue of fact.

Contrary to the defendants' contention, they failed to make a

prima facie showing that the plaintiff cannot identify the cause of his fall without engaging in speculation. A plaintiff's inability to testify exactly as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence (*see Costantino v Webel*, 57 AD3d 472, 472 [2008]; *Cormack v Cross Sound Ferry Servs.*, 273 AD2d 433, 433 [2000]; *see also Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 864 [2015]; *cf. Laskowski v 525 Park Ave. Condominium*, 93 AD3d 822, 824-825 [2012]). Here, Billis's testimony establishes that he was present at the time of the accident and that he watched the ladder slide down while the plaintiff was on it. Evidence that the ladder's rubber feet were worn down also is sufficient to permit the inference that this defective condition caused the slippage (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Erdely v Access Direct Sys., Inc.*, 45 AD3d at 726; *see also Timmins v Benjamin*, 77 AD3d 1254, 1256 [2010]). Furthermore, the numerous inconsistencies between the deposition testimony of the plaintiff and Billis raised a triable issue of fact as to the cause of the plaintiff's fall (*see Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 462-463 [2008]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.