NEBOJSA VOJVODIC et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [51 NYS3d 534]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County

(Kerrigan, J.), dated October 22, 2014, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from so much of a judgment of the same court entered December 16, 2014, as, upon an order of the same court dated February 25, 2014, inter alia, granting the motion of the defendants Redeemer Lutheran School and Evangelical Lutheran Church of the Redeemer for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs, dismissing the complaint insofar as asserted against them.

Ordered that the order dated October 22, 2014, and the judgment are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see *Viviano v KeyCorp*, 128 AD3d 811 [2015]; *Barone v Concert Serv. Specialists, Inc.*, 127 AD3d 1119 [2015]; *Ash v City of New York*, 109 AD3d 854, 855 [2013]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]). Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action (see *Viviano v KeyCorp*, 128 AD3d at 811-812; *Barone v Concert Serv. Specialists, Inc.*, 127 AD3d at 1119-1120; *Racines v Lebowitz*, 105 AD3d 934 [2013]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]; *Costantino v Webel*, 57 AD3d 472, 472 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]).

Here, the moving defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing, through the submission of transcripts of the injured plaintiff's testimony at the hearing held pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing) and his deposition, that the plaintiffs could not identify the cause of the injured plaintiff's fall without engaging in speculation (see *Viviano v KeyCorp*, 128 AD3d at 812; *Ash v City of New York*, 109 AD3d at 855-856; *Racines v Lebowitz*, 105 AD3d at 935; *Louman v Town of Greenburgh*, 60 AD3d at 916). During his 50-h hearing, the injured plaintiff testified that he was walking on the sidewalk and was about to cross the street when his right foot

caught on "some sort of stone," causing him to fall. He did not see the stone before the accident, but after he fell, he looked and saw stones embedded in the earth around a tree, which caught his foot. At his deposition, however, the injured plaintiff testified that as he was about to cross the street, he was paying attention to traffic and his foot "hit something" causing him to lose his balance and fall. This time, he identified a raised portion of the sidewalk, approximately three feet away from the tree, as the cause of his fall. He distinguished this area from the cobblestones around the tree and testified that he did not make contact with the cobblestones, as he was "further down, to the side of the tree." Contrary to the plaintiffs' contention, the injured plaintiff's own contradictory testimony does not create a question of fact (see Mallory v City of New Rochelle, 41 AD3d 556, 557 [2007]). Rather, it demonstrates that he is unable to identify the cause of his fall and any determination by the trier of fact as to causation would be based upon sheer speculation (see Ash v City of New York, 109 AD3d at 856; Curran v Esposito, 308 AD2d 428, 429 [2003]). The plaintiffs otherwise failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted the subject motions for summary judgment. Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.