Eisenstein v Block 5298, Inc. (2018 NY Slip Op 06080)





Eisenstein v Block 5298, Inc.


2018 NY Slip Op 06080


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07367
 (Index No. 28999/09)

[*1]Samuel Eisenstein, etc., appellant, 
v
Block 5298, Inc., respondent.


Edelman & Edelman, P.C., New York, NY (Cleo M. Johnson of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated April 19, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On August 27, 2009, Estelle Eisenstein allegedly was walking on the sidewalk abutting the defendant's vacant lot in Staten Island when she fell. Thereafter, Estelle, and her husband suing derivatively, commenced this action against the defendant. Prior to appearing for a deposition, Estelle died on September 30, 2010. Subsequently, Samuel Eisenstein was substituted as the plaintiff, the derivative cause of action on behalf of Estelle's husband was discontinued, and the caption of the action was modified accordingly. The defendant moved for summary judgment dismissing the complaint, contending that the cause of Estelle's fall was not identifiable. The Supreme Court granted the motion. The plaintiff appeals.
"A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Vojvodic v City of New York, 148 AD3d 1086, 1087; see Viviano v KeyCorp, 128 AD3d 811; Ash v City of New York, 109 AD3d 854, 855; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc., 94 AD3d 1058; Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287). "Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Vojvodic v City of New York, 148 AD3d at 1087; see Viviano v KeyCorp, 128 AD3d at 811-812; Ash v City of New York, 109 AD3d at 855; Constantino v Webel, 57 AD3d 472).
Here, the defendant failed to establish, prima facie, that the cause of Estelle's fall was not identifiable. In support of its motion, the defendant submitted the deposition testimony of [*2]nonparty witness Laura Acito, who saw the plaintiff fall. While a vehicle was in front of Acito, and she was only able to see Estelle from the waist up, Acito was able to identify the exact spot where the accident occurred. Acito worked in a strip mall which was located next to the defendant's vacant lot, and she was familiar with the area where the accident occurred. Using photographs which she authenticated, Acito stated that the accident occurred in that portion of the sidewalk which was broken up and in a state of disrepair for years. Under the circumstances, the defendant failed to eliminate triable issues of fact as to whether Estelle fell due to the alleged defective condition of the sidewalk (see generally Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 745). Since the defendant failed to meet its initial burden, the sufficiency of the plaintiff's opposition papers need not be reviewed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court