Grande v Won Hee Lee (2019 NY Slip Op 02685)





Grande v Won Hee Lee


2019 NY Slip Op 02685


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-07961
 (Index No. 10906/11)

[*1]Migdalia Grande, etc., appellant, 
v
Won Hee Lee, et al., respondents, et al., defendant.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellant.
McManus Ateshoglou Adams Aiello & Apostolakos PLLC, New York, NY (Steven D. Ateshoglou and Christopher D. Skoczen of counsel), for respondents Won Hee Lee and Kyung Sook Lee.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondent Razaul Chowdhury and defendant Star Grocery Store, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered July 11, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Won Hee Lee and Kyung Sook Lee and the defendant Razaul Chowdhury which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In this action, the plaintiff, as guardian, seeks to recover damages for personal injuries sustained by her brother, Raymond Colon. On November 30, 2009, Colon was found in the basement of a grocery store in premises owned by the defendants Won Hee Lee and Kyung Sook Lee (hereinafter together the Lee defendants) and leased to the defendant Razaul Chowdhury, who operated the grocery store. The basement was used for stock and was not open to customers. However, according to Chowdhury and his brother, who worked at the grocery store, the lock on the door leading to the basement stairs may have been broken. Colon was found sitting against cases of beer in a storage room. He was confused, combative, and intoxicated. After being transported to the hospital, Colon was diagnosed with a severe head injury involving three skull fractures and requiring immediate surgery. Colon was in a coma for a month and in the hospital for months thereafter before he was moved to a nursing home. He was never able to describe the events surrounding his injury.
Colon commenced this action against, among others, the Lee defendants and Chowdhury, alleging that their failure to maintain the basement stairway in a reasonably safe condition, limit access to the stairway, or warn of the danger of the stairway proximately caused his injuries. Colon's sister was thereafter appointed guardian of his person and property, and she was [*2]substituted as the plaintiff. The Lee defendants and Chowdhury separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing that there was no evidence that Colon fell down the stairway or that, if he did, there was no evidence that any defect in the premises proximately caused his fall, and therefore, any finding that a defect in the stairway proximately caused his injuries would be purely speculative. In an order entered July 11, 2016, the Supreme Court, inter alia, granted those branches of the separate motions which were for summary judgment dismissing the complaint inosfar as asserted against each of the moving defendants. The plaintiff appeals.
"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]; see Ash v City of New York, 109 AD3d 854, 855). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Mitgang v PJ Venture HG, LLC, 126 AD3d at 864; Ash v City of New York, 109 AD3d at 855).
A plaintiff's inability to testify as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence (see Patrikis v Arniotis, 129 AD3d 928, 930; Costantino v Webel, 57 AD3d 472, 472; Cormack v Cross Sound Ferry Servs., 273 AD2d 433, 433). "However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (Thomas v New York City Tr. Auth., 194 AD2d 663, 664; see Gayle v City of New York, 92 NY2d 936, 937; Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d at 855; see Deputron v A & J Tours, Inc., 106 AD3d 944, 945; Dennis v Lakhani, 102 AD3d 651, 652; Califano v Maple Lanes, 91 AD3d 896, 898; Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287).
Here, the Lee defendants and Chowdhury established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify the cause of Colon's injuries without engaging in speculation (see Ash v City of New York, 109 AD3d at 855-856). Even assuming that Colon fell down the subject stairway, the evidence demonstrated that it was just as likely that some other factor, such as a misstep or a loss of balance due to his intoxication, could have caused his accident (see id.; cf. Tyrell v Pollak, 163 AD3d 1232, 1234-1235).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of her expert, who opined that there were certain defects in the stairway, could not create a reasonable inference of causation in the absence of evidence connecting the alleged defects to the accident (see Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930; Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1201; Costantino v Webel, 57 AD3d 472, 472; Kane v Estia Greek Rest., 4 AD3d 189, 190). Moreover, without a factual basis to connect any defects in the stairway to Colon's accident, any finding that the moving defendants' failure to prohibit access to the stairway proximately caused the accident would be based on pure speculation (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d 1058, 1059; Zammiello v Senpike Mall Co., 5 AD3d 1001, 1002).
Contrary to the plaintiff's contention, the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76, 80) does not apply in this case, since the moving defendants' knowledge as to the cause of the accident is no greater than that of the plaintiff (see Hod v Orchard Fields, LLC, 111 AD3d 794, 794; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d [*3]at 1059; Miles v County of Dutchess, 85 AD3d 878, 879; Kuravskaya v Samjo Realty Corp., 281 AD2d 518). In any event, the doctrine does not relieve the plaintiff of the obligation to provide some evidence to raise a triable issue of fact as to the moving defendants' fault, which she failed to do (see Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 334; Nair v City of New York, 167 AD3d 761, 763; Baterna v Maimonides Med. Ctr., 139 AD3d 653, 653).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions of the Lee defendants and Chowdhury which were for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of our determination, we need not reach the Lee defendants' remaining contention.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court