Padilla v CVS Pharmacy (2019 NY Slip Op 06188)





Padilla v CVS Pharmacy


2019 NY Slip Op 06188


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-04526
 (Index No. 604385/15)

[*1]Jorge Padilla, appellant, 
v
CVS Pharmacy, et al., respondents.


Cannon & Acosta, LLP, Huntington Station, NY (Marijane McQueeney and Gary Small of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondents CVS Pharmacy and CVS Corporation.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondent 7024 Queens Blvd, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 17, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants CVS Pharmacy and CVS Corporation and the defendant 7024 Queens Blvd, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants CVS Pharmacy and CVS Corporation and the defendant 7024 Queens Blvd, LLC, appearing separately and filing separate briefs, and those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On November 30, 2014, at approximately 8:00 p.m., the plaintiff allegedly was injured when he tripped and fell on a crack in a concrete walkway abutting a CVS Pharmacy owned by the defendant 7024 Queens Blvd, LLC (hereinafter 7024 Queens), and operated by CVS Albany, LLC, sued herein as CVS Pharmacy and CVS Corporation (hereinafter together CVS; hereinafter collectively with 7024 Queens, the defendants). In April 2015, the plaintiff commenced this action against the defendants, alleging that they were negligent in, among other things, the maintenance of the walkway. After discovery, CVS and 7024 Queens separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, contending that the plaintiff could not identify the cause of his fall. The Supreme Court granted the defendants' motions, and the plaintiff appeals.
"A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Vojvodic v City of New York, 148 AD3d 1086, 1087; see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836; Eisenstein v Block 5298, Inc., 164 AD3d 1304, 1305; Viviano v KeyCorp, 128 AD3d 811, 811; Ash v City of New York, 109 AD3d 854, 855). "Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere [*2]speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Vojvodic v City of New York, 148 AD3d at 1087; see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d at 836; Eisenstein v Block 5298, Inc., 164 AD3d at 1305; Viviano v KeyCorp, 128 AD3d at 811-812; Ash v City of New York, 109 AD3d at 855).
Here, viewing the evidence in the light most favorable to the plaintiff, as the nonmovant, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall. In support of their motions, the defendants submitted, among other things, the deposition transcript of the plaintiff, who testified with the aid of a Spanish interpreter, and photographs of the location where the plaintiff fell. During his deposition, the plaintiff was shown a photograph depicting a crack that spanned the entire width of the subject walkway, which he identified as the crack on which he fell. Although the plaintiff testified that he did not "take notice" of the crack prior to his fall, and that his daughter had shown him a photograph of the walkway several days after the accident and told him "this . . . is where you fell," the plaintiff testified that he "recognize[d] it" as the location of his fall. The plaintiff testified that he walked across the parking lot toward the entrance of the CVS store, stepped over the curb and onto the walkway, and, as he was walking and "looking at the door," felt the front of his left foot make contact with the "break" in the walkway, causing him to fall and rendering him unconscious. Under these circumstances, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall without resorting to sheer speculation (see Baptiste v Ditmas Park, LLC, 171 AD3d 1001, 1003; Eisenstein v Block 5298, Inc., 164 AD3d at 1305; Cross v Roberts, 162 AD3d 852, 853; Gotay v New York City Hous. Auth., 127 AD3d 693, 694-695; Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794). Since the defendants failed to meet their initial burden, the sufficiency of the plaintiff's opposition papers need not be reviewed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d 840, 841).
Accordingly, the Supreme Court should have denied those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court