Matter of Cooper v Annucci (2020 NY Slip Op 02336)





Matter of Cooper v Annucci


2020 NY Slip Op 02336


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528213

[*1]In the Matter of Sheldon Cooper Jr., Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: March 20, 2020

Before: Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Sheldon Cooper Jr., Malone, appellant pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 29, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner commenced this CPLR article 78 proceeding to challenge a tier III prison disciplinary determination finding him guilty of violating certain prison disciplinary rules. Thereafter, respondents answered and raised the defense, pursuant to CPLR 3211 (a) (5), that the petition was not timely filed. Supreme Court agreed and dismissed the petition on that basis. This appeal by petitioner ensued.
The Attorney General now urges this Court to reverse the judgment and to grant respondents leave to file an amended answer to address petitioner's challenges to the at-issue prison disciplinary determination. In support of its request, the Attorney General withdraws its timeliness objection based upon evidence that petitioner did not receive notice of the October 31, 2017 administrative affirmance of the prison disciplinary determination until December 2017, rendering this March 2018 proceeding timely. Upon review of the papers submitted by the Attorney General, we agree that reversal of the judgment is appropriate. Inasmuch as the Attorney General has not provided the "proposed amended or supplemental pleading clearly showing the changes or additions to be made" (CPLR 3025 [b]; see Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952 [2d Dept 2017], appeal dismissed 29 NY3d 1113 [2017]; Barone v Concert Serv. Specialists, Inc., 127 AD3d 1119, 1120 [2015]; compare Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592 [2016]; Medina v City of New York, 134 AD3d 433, 433 [2015]), we remit the matter so that respondents may seek leave to amend and supplement their answer pursuant to CPLR 3025 (b) and Supreme Court may, in the first instance, entertain whether such request should be granted.
Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.