Savitz v Lido Knitting, Inc. (2021 NY Slip Op 06001)





Savitz v Lido Knitting, Inc.


2021 NY Slip Op 06001


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-11505
 (Index No. 5939/13)

[*1]Steve Savitz, appellant,
v
Lido Knitting, Inc., respondent, et al., defendants.


Paul B. Weitz & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Fern Flomenhaft, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated September 29, 2017. The order, insofar as appealed from, upon renewal, in effect, vacated a prior determination in an order of the same court dated December 22, 2016, denying the motion of the defendant Lido Knitting, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granted that defendant's prior motion.
ORDERED that the order dated September 29, 2017, is affirmed insofar as appealed from, with costs.
On October 27, 2012, the plaintiff attended a Halloween party hosted by the defendant Ari Taub at his apartment building, a former warehouse that had been converted into a residential rental building (hereinafter the building), owned by the defendant Lido Knitting, Inc. (hereinafter Lido). The building was equipped with a loading dock, which was used by the tenants for dropping off and picking up bulky items at the building. The loading dock area was lit by a 120-watt, switch-controlled spotlight mounted high on the back wall of the loading dock, which was illuminated at all times unless the building's superintendent turned it off for maintenance purposes.
At the Halloween party, the plaintiff became engaged in a game, which eventually brought him into the loading dock area. At some point during the evening, the spotlight in the loading dock was turned off and it remained off as partygoers engaged in a "zombie game," which entailed partygoers dressed up as zombies scaring other partygoers in the loading dock area. As one of the partygoers dressed up as a zombie "attacked" the plaintiff as part of the game, the plaintiff walked backwards and eventually fell off the edge of the loading dock onto the street level, sustaining personal injuries.
Thereafter, the plaintiff commenced this personal injury action against, among others, Lido. Lido joined issue, denying the material allegations of the complaint. After discovery was completed, Lido moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated December 22, 2016, the Supreme Court, inter alia, denied Lido's motion for summary judgment as untimely.
Subsequently, Lido moved, inter alia, for leave to renew its prior motion for summary judgment. In an order dated September 29, 2017, the Supreme Court, inter alia, upon renewal, in [*2]effect, vacated its prior determination in the December 22, 2016 order denying Lido's motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granted Lido's prior motion. The plaintiff appeals.
In the context of premises liability, a property owner is charged with the duty of maintaining his or her premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Bennett v Alleyne, 163 AD3d 754, 754-755). In order for a property owner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective or dangerous condition upon the property, it must be established that the property owner "affirmatively created the condition or had actual or constructive notice of its existence" (Vantroba v Zodiaco, 193 AD3d 1014, 1015 [internal quotation marks omitted]; see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114, 1114). Thus, in a premises liability case, a property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged dangerous or defective condition nor had actual or constructive notice of its existence (see Wittman v Nespola, 190 AD3d 1012, 1013; Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937).
Here, upon renewal, the Supreme Court properly granted Lido's motion for summary judgment dismissing the complaint insofar as asserted against it. Lido established, prima facie, that the loading dock was maintained in a reasonably safe condition, and that it neither created nor had actual or constructive notice of the alleged dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact. Expert opinions that are conclusory and speculative are insufficient to raise a triable issue of fact (see Caputo v Spindler, 162 AD3d 841, 841; see also Zamor v Dirtbusters Laundromat, Inc., 138 AD3d at 1115).
The plaintiff's remaining contention is without merit.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court