Mercurio v Dayton (2022 NY Slip Op 04298)

Mercurio v Dayton

2022 NY Slip Op 04298

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-03600
 (Index No. 618444/16)

[*1]Justin Mercurio, et al., appellants, 
v
Jonathan R. Dayton, respondent.

Faber & Troy, Woodbury, NY (Salvatore V. Agosta of counsel), for appellants.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Marie E. Holbrook of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated March 12, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Justin Mercurio (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendant, inter alia, to recover damages for injuries he allegedly sustained when he rolled his ankle while walking on a brick path on the defendant's property in East Hampton. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the injured plaintiff was unable to identify the cause of his injury. In an order dated March 12, 2020, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
In a premises liability case, "[a] defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation" (Marazita v City of New York, 202 AD3d 951, 953; see Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995; Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864; Ash v City of New York, 109 AD3d 854, 855). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint through the submission of the transcript of the injured plaintiff's deposition testimony, which demonstrated that the injured plaintiff was unable to identify either where on the brick path his injury occurred or what defect in the brick path, if any, caused his ankle to roll (see Mitgang v PJ Venture HG, LLC, 126 AD3d at 863-864; Ash v City of New York, 109 AD3d at 855-856).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the expert report submitted in opposition failed to establish a causal link between the alleged injury and unspecified defects in the brick path that the expert observed more than four years after the injured plaintiff's accident (see Savitz v Lido Knitting, Inc., 199 AD3d 733, 735). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the plaintiffs' remaining contention.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court