KATHY LOUMAN, Appellant, v TOWN OF GREENBURGH et al., Defendants, and CROSS COUNTY ASPHALT CORP. et al., Respondents. [876 NYS2d 112]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 27, 2007, as granted those branches of the motion of the defendant Rockledge House Owners Corp. and

the separate motion of the defendant Country Club Ridge Tenants Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) so much of an order of the same court (Nicolai, J.) entered December 18, 2007, as granted that branch of the separate motion of the defendant Cross County Asphalt Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the defendants Rockledge House Owners Corp. and Country Club Ridge Tenants Corp.

The plaintiff was injured when she tripped and fell while walking along a sidewalk in Hartsdale. She subsequently commenced this action, alleging that the accident occurred when her right foot stumbled over a crack separating adjoining portions of the sidewalk, which were composed respectively of asphalt and concrete. The plaintiff further claims that the accident was caused by the defendants' negligent failure to provide adequate illumination in the vicinity of the accident.

In a trip and fall case, " '[a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action' " (*Howe v Flatbush Presbyt. Church,* 48 AD3d 419, 420 [2008], quoting *Jackson v Fenton,* 38 AD3d 495 [2007]), since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]). In the present case, the plaintiff's deposition testimony revealed that she arrived at the conclusion that she tripped over the crack only after her daughter inspected the area where the accident occurred, on the day following the occurrence, and reported to her mother that she observed a crack at that location. The plaintiff contends that since her inability to perceive what caused her to trip and fall was the result of the defendants' alleged negligent failure to provide adequate illumination, the court should not have granted summary judgment dismissing the complaint against the movants. However, the plaintiff's claim is belied by her admission at her deposition that it was not the darkness that prevented her from seeing the sidewalk defect, but rather the fact that she "wasn't looking." The plaintiff failed to raise a triable issue of fact in response to the defendants' prima facie showing of entitlement to judgment as a matter of law. Accordingly, summary judgment was properly granted to the defendants. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.