■ BETTY BOLDE et al., Appellants, v BORGATA HOTEL CASINO & SPA, Respondent. [892 NYS2d 892]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 1, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Betty Bolde allegedly was injured when she tripped and fell while walking from the valet parking area leading to the entrance of the defendant, Borgata Hotel Casino & Spa. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The defendant met its burden of establishing its prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by demonstrating that the injured plaintiff was unable to identify the cause of her accident without engaging in speculation (see *Hunt v Meyers*, 63 AD3d 685 [2009]; *Costantino v Webel*, 57 AD3d 472 [2008]; *Tejada v Jonas*, 17 AD3d 448 [2005]). In response, the plaintiffs failed to raise a triable issue of fact as to the cause of the accident (see *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Tejada v Jonas*, 17 AD3d at 448). The Supreme Court correctly determined that the injured plaintiff's affidavit in opposition to the defendant's motion presented feigned issues designed to avoid the consequences of her earlier deposition testimony, and thus was insufficient to defeat the motion (see *Hunt v Meyers*, 63 AD3d at 685-686; *Denicola v Costello*, 44 AD3d 990 [2007]; *Tejada v Jonas*, 17 AD3d at 448-449). Therefore, the Supreme Court properly granted the motion.

The plaintiffs' remaining arguments are without merit. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.