■ JOHN BOSSER et al., Appellants, v BAY RESTORATION CORP. et al., Respondents. [913 NYS2d 570]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered August 21, 2009, which granted that branch of the motion of the defendant Wooster Products, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendant Bay Restoration Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

"Although proximate cause can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury, mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (*Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006] [internal quotation marks, ellipsis and brackets omitted]; *see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). Here, the defendants met their respective burdens of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was unable to identify the cause of his accident without engaging in speculation (*see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d at 618; *Louman v Town of Greenburgh*, 60 AD3d at 916; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d at 618; *Louman v Town of Greenburgh*, 60 AD3d at 916; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435).

The plaintiffs' remaining contentions either have been rendered academic in light of our determination or are without merit.

Accordingly, the Supreme Court properly awarded summary judgment to the defendants dismissing the complaint insofar as asserted against each of them. Covello, J.P., Eng, Chambers and Hall, JJ., concur.