■ ANGELICA RACINES, Respondent, v JEROME LEBOWITZ et al., Appellants. [963 NYS2d 348]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated March 13, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On the afternoon of August 9, 2009, the plaintiff allegedly tripped and fell near the entrance door of an automobile dealership owned by the defendants.

"Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (*Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006] [internal quotation marks omitted]; *see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618

[2010]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). Here, the defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of her accident without engaging in speculation (*see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d at 618; *Louman v Town of Greenburgh*, 60 AD3d at 916; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435). In opposition, the plaintiff failed to raise a triable issue of fact (*see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d at 618; *Louman v Town of Greenburgh*, 60 AD3d at 916; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.