■ LYNN BLOCKER, Appellant, v FILENE'S BASEMENT #51-00540 et al., Respondents. [5 NYS3d 265]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated March 20, 2013, as granted that branch of the motion of the defendants Filene's Basement #51-00540 and Filene's Basement, Inc., and that branch of the cross motion of the defendant Joe Ragosta, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

On September 11, 2007, while shopping at the defendant Filene's Basement #51-00540 in Manhasset, the plaintiff allegedly lost her balance, hit her head against a display case, and fell to the floor. Subsequently, the plaintiff commenced this action against Filene's Basement #51-00540, Filene's Basement, Inc. (hereinafter together the Filene's defendants), and Ragosta. The Filene's defendants and Ragosta moved and cross-moved, respectively, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motion and cross motion, and the plaintiff appeals.

"In a trip and fall case, [a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009] [internal quotation marks and citations omitted]). Here, Ragosta and the Filene's defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that demonstrated that the plaintiff could not identify the cause of her fall without resorting to speculation (*see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]; *Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618 [2010]; *Londner v Big v Supermarkets*, 309 AD2d 1122, 1122 [2003]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570, 570-571 [2003]; *Denny v New York State Indus. for Disabled*, 291 AD2d 615, 615-616 [2002]).

The plaintiff failed to raise a triable issue of fact in opposition. Her reliance on an accident report is misplaced, as the report is not in admissible form (*see Stock v Otis El. Co.*, 52 AD3d 816, 817 [2008]), and the plaintiff failed to provide a reasonable excuse for her failure to submit that document in

admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). In addition, the plaintiff's affidavit in opposition to the defendants' motion and cross motion presented what appear to be feigned issues designed to avoid the consequences of her earlier deposition testimony and, thus, was insufficient to defeat the motion and cross motion (*see Bolde v Borgata Hotel Casino & Spa*, 70 AD3d at 618; *Shapiro v Munoz*, 28 AD3d 638, 638-639 [2006]; *Israel v Fairharbor Owners, Inc.*, 20 AD3d 392, 392 [2005]; *Stancil v Supermarkets Gen.*, 16 AD3d 402, 402-403 [2005]). In any event, the conditions that the plaintiff suggests may have been the proximate causes of her fall were open and obvious, and not inherently dangerous as a matter of law (*see Koepke v Deer Hills Hardware, Inc*, 118 AD3d 957, 957-958 [2014]; *Gagliardi v Walmart Stores, Inc.*, 52 AD3d 777, 777 [2008]; *Schulman v Old Navy/Gap, Inc.*, 45 AD3d 475, 476 [2007]; *Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 661 [2007]).

Accordingly, the Supreme Court properly granted those branches of the motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted against the Filene's defendants and Ragosta, respectively. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.