■ Russell Williams, Respondent, v Ennis C. Vines et al., Appellants, et al., Defendant. [10 NYS3d 311]—

In an action to recover damages for personal injuries, the defendants Ennis C. Vines and Christopher Vines appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated

April 16, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Ennis C. Vines and Christopher Vines for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff alleged that, on February 27, 2009, he was at premises located at 1578 Eastern Parkway in Brooklyn, a residential building. While leaving the premises, the plaintiff allegedly slipped in the foyer area of the premises, then tripped over the door saddle at the front door, and fell down the exterior steps to the sidewalk, sustaining personal injuries. The plaintiff thereafter commenced this action against, among others, the defendants Ennis C. Vines and Christopher Vines (hereinafter together the Vines defendants), the alleged owners of the premises. The Vines defendants moved for summary judgment dismissing the complaint insofar as asserted against them.

In support of their motion, the Vines defendants submitted evidence including photographs, the affidavit of their expert, and a transcript of the plaintiff's deposition testimony, which established, prima facie, that the plaintiff was unable to identify the cause of his slipping in the foyer without resorting to speculation (*see Blocker v Filene's Basement #51-00540*, 126 AD3d 744 [2015]; *Grossi v Ralph Aievoli & Son, Inc.*, 125 AD3d 803 [2015]; *Zaldivar v St. Rita's R.C. Church*, 125 AD3d 771 [2015]; *Navarre v Ketcham*, 122 AD3d 811 [2014]; *Peluso v Red Rose Rest., Inc.*, 106 AD3d 972 [2013]). Their evidence also established, prima facie, that the foyer floor and the door saddle leading to the front porch and exterior staircase were not in a dangerous or hazardous condition (*see Zaldivar v St. Rita's R.C. Church*, 125 AD3d at 771). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the motion of the Vines defendants for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.