■ PARBATIE SINGH, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [24 NYS3d 407]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered December 19, 2014, as granted that branch of the motion of the defendants Hollis Shopping Center, LLC, and Pickman Realty Corporation, also known as Pickman Realty Company, which was for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, awarded summary judgment to the defendant Francis

Hills, Inc., doing business as 99 Cents City, dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On December 23, 2010, the plaintiff allegedly tripped and fell over a defect in a sidewalk abutting premises owned by the defendants Hollis Shopping Center, LLC, and Pickman Realty Corporation, also known as Pickman Realty Company (hereinafter together the Pickman defendants), and occupied by the defendant Francis Hills, Inc., doing business as 99 Cents City (hereinafter Francis Hills). The plaintiff commenced this action to recover damages for personal injuries. The Pickman defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the plaintiff could not identify the cause and location of her fall, and that, in any event, any alleged defect in the sidewalk was trivial and, therefore, not actionable. In the order appealed from, the Supreme Court, inter alia, granted that branch of the Pickman defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the alleged defect was trivial and, therefore, not actionable, and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against Francis Hills. The plaintiff appeals, and we affirm the order insofar as appealed from, albeit on a ground different from that relied upon by the Supreme Court.

Contrary to the Supreme Court's determination, the Pickman defendants failed to establish, prima facie, that the alleged defect was trivial and, therefore, not actionable (see *Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]). Nevertheless, the Pickman defendants were properly awarded summary judgment. "In a trip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; see *Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694 [2015]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]). Here, the Pickman defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify either the cause of her fall or its location without resorting to speculation (see *Williams v Vines*, 128 AD3d 1056,

1057 [2015]; *Ash v City of New York*, 109 AD3d 854, 855 [2013]; *Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly granted that branch of the Pickman defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and properly searched the record and awarded summary judgment dismissing the complaint insofar as asserted against Francis Hills. Hall, J.P., Austin, Roman and Barros, JJ., concur.