■ LISA BRYANT, Respondent, v LOFT BOOKSTORE CAFÉ, LLC, et al., Appellants, et al., Defendant. [27 NYS3d 876]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated April 10, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add Tony Bonner as a defendant, and denied that branch of their cross motion which was

for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add Tony Bonner as a defendant is dismissed, as the defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the cross motion of the defendants Loft Bookstore Café, LLC, and Mary Bonner which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and, upon searching the record, summary judgment is awarded to the defendant Tony Bonner dismissing the complaint insofar as asserted against him; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On July 13, 2013, at approximately 9:30 p.m., the plaintiff allegedly was injured when she tripped and fell on outdoor carpeting covering the backyard of premises allegedly owned by the defendants. The plaintiff commenced this action against the defendants, Loft Bookstore Café, LLC, and Mary Bonner (hereinafter together the Loft defendants), and thereafter moved pursuant to CPLR 3025 (b) for leave to amend the complaint to add as a defendant Tony Bonner, among others. The Loft defendants cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the subject branch of the plaintiff's motion, and denied the defendants' cross motion.

"In a trip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827 [2014]; see Gotay v New York City Hous. Auth., 127 AD3d 693, 694 [2015]; Ash v City of New York, 109 AD3d 854, 855 [2013]). Here, the Loft defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff merely speculated that "[t]ree roots or something" underneath the carpet had caused her to fall (see Blocker v Filene's Basement #51-00540, 126 AD3d 744, 745 [2015]; Ash v City of New York, 109 AD3d at 855-856; Patrick v Costco Wholesale Corp., 77 AD3d 810, 810-811 [2010]). Indeed, the plaintiff testified that she did not see

any elevation in the carpet. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit in opposition to the Loft defendants' cross motion presented what appear to be feigned issues designed to avoid the consequences of her earlier deposition testimony and, thus, was insufficient to defeat the cross motion (*see Blocker v Filene's Basement #51-00540*, 126 AD3d at 746; *Israel v Fairharbor Owners, Inc.*, 20 AD3d 392, 392 [2005]).

The parties' remaining contentions either are not properly before us, are without merit, or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]). Here, in light of our determination with respect to the Loft defendants' motion, we search the record and award summary judgment to the defendant Tony Bonner dismissing the complaint insofar as asserted against him. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.