# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**324**
**CA 15-01568**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

ROSE RINALLO, PLAINTIFF-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

ST. CASIMIR PARISH AND CATHOLIC DIOCESE
OF BUFFALO, DEFENDANTS-APPELLANTS.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (BRIAN R. KRAEMER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered July 1, 2015. The order denied defendants' motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell on a crack in a step at defendant St. Casimir Parish, a church operated by defendant Catholic Diocese of Buffalo. Defendants moved for summary judgment dismissing the complaint, contending that plaintiff was unable to establish the cause of her fall without engaging in speculation. Defendants appeal from an order denying that motion, and we now affirm.

" 'In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall' without engaging in speculation" (*Dixon v Superior Discounts & Custom Muffler*, 118 AD3d 1487, 1487; *see Altinel v John's Farms*, 113 AD3d 709, 709-710). In a circumstantial evidence case, however, "[the] plaintiff is not required to exclude every other possible cause of the accident but defendant's negligence . . . , [but the plaintiff's] proof must render those other causes sufficiently remote or technical to enable the jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Smart v Zambito*, 85 AD3d 1721, 1721 [internal quotation marks omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744).

Here, plaintiff consistently testified that her shoe became caught on a crack in the step, which caused her to fall. Although there were no witnesses to the fall, and plaintiff could not remember seeing the crack at the time of the accident, she testified that the fall occurred in the immediate vicinity of a crack in the step, as revealed by a photograph in the record, "thereby rendering any other potential cause of [her] fall sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Swietlikowski v Village of Herkimer*, 132 AD3d 1406, 1407 [internal quotation marks omitted]; *see Nolan v Onondaga County*, 61 AD3d 1431, 1432).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court