■ GERALDINE CREIGHTON, Appellant, v M&G BAKERY, Doing Business as PARK BAKE SHOP, et al., Defendants, and FRANK COLOCCIA et al., Respondents. [46 NYS3d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Rouse, J.), dated August 7, 2015, as granted that branch of the motion of the defendants Frank Coloccia and Frank Viveritta which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Frank Viveritta.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on November 6, 2011, when she fell on a portion of sidewalk that was used as a driveway near property located at 112 Route 25A, in Kings Park. The property allegedly was owned by the defendants Frank Coloccia and Frank Viveritta (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground, among others, that the plaintiff was unable to identify the cause of her fall. The Supreme Court granted their motion and the plaintiff appeals, as limited by her brief, from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Viveritta only.

Viveritta established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff's deposition testimony, in which she was unable to identify the cause of her fall (*see Cohen v A.C.E. Rest. Group of N.Y., LLC,* 140 AD3d 1111 [2016]; *Ackerman v Iskhakov,* 139 AD3d 987 [2016]; *Williams v Vines,* 128 AD3d 1056, 1057 [2015]; *Blocker v Filene's Basement #51-00540,* 126 AD3d 744, 746 [2015]). In opposition, the plaintiff failed to raise a triable

issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Viveritta. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.