Mallen v Dekalb Corp. (2020 NY Slip Op 01609)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Mallen v Dekalb Corp.

2020 NY Slip Op 01609

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2016-06279
(Index No. 4998/12)

[*1]Ingrid Mallen, appellant, 
vDekalb Corp., respondent, et al., defendant.

Ami Morgenstern (Seligson, Rothman & Rothman, New York, NY [Martin S. Rothman, Adam Ashe, and Alyne I. Diamond], of counsel), for appellant.
Chesney, Nicholas & Brower, LLP, Syosset, NY (William J. Crowe of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated April 20, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Dekalb Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries after she allegedly tripped and fell over a defect in a sidewalk abutting premises owned by the defendant Dekalb Corp. (hereinafter Dekalb). Dekalb moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of Dekalb's motion on the ground that the plaintiff could not identify the cause or location of her fall. The plaintiff appeals.
"In a trip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1528; see Bilska v Truszkowski, 171 AD3d 685, 686; Singh v City of New York, 136 AD3d 641, 642-643; Buglione v Spagnoletti, 123 AD3d 867, 867; Altinel v John's Farms, 113 AD3d 709, 709-710). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855).
Here, Dekalb established its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without resorting to speculation (see Singh v City of New York, 136 AD3d at 642; Ash v City of New York, 109 AD3d at 855-856; Douse v City of New York, 70 AD3d 764, 764-765). Although the plaintiff testified at her deposition that three weeks after the accident, she observed a "broken cracked sidewalk" in the area where she allegedly fell, she acknowledged at her deposition that on the day of the accident, she did not look to see what caused her to fall (see [*2]Deputron v A & J Tours, Inc., 106 AD3d 944, 945; Dennis v Lakhani, 102 AD3d 651, 652; Douse v City of New York, 70 AD3d at 765; Louman v Town of Greenburgh, 60 AD3d 915, 916; Israel v Fairharbor Owners, Inc., 20 AD3d 392, 392).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion merely raised a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony (see Bryant v Loft Bookstore Café, LLC, 138 AD3d 664, 665-666; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; Bolde v Borgata Hotel Casino & Spa, 70 AD3d 617, 618). The affidavit submitted by the plaintiff's expert was also insufficient to raise a triable issue of fact. Since the plaintiff testified at her deposition that she did not see what caused her to fall on the day of the accident, it would be speculative to assume that the alleged defect her expert identified in the sidewalk approximately four years after the accident caused her fall (see Rivera v J. Nazzaro Partnership, L.P., 122 AD3d at 827; Costantino v Webel, 57 AD3d 472, 472). Contrary to the plaintiff's contentions, the complaint and the bills of particulars, which were verified by the plaintiff's attorney—who lacked personal knowledge of the facts stated therein—were insufficient to raise a triable issue of fact (see Irizarry v Heller, 95 AD3d 951, 953; Matter of Allen, 210 AD2d 856, 857). Accordingly, we agree with the Supreme Court's determination to grant that branch of Dekalb's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court