Conners v LMAC Mgt. LLC (2020 NY Slip Op 07752)





Conners v LMAC Mgt. LLC


2020 NY Slip Op 07752


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


675 CA 19-01271

[*1]SUSAN CONNERS, PLAINTIFF-APPELLANT,
v
LMAC MANAGEMENT LLC, AND GREATER NIAGARA MEDICAL GROUP, P.C., DEFENDANTS-RESPONDENTS. 






SHAW & SHAW, P.C., HAMBURG (BLAKE ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICES OF JOHN WALLACE, BUFFALO (BETSY F. VISCO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 6, 2019. The order granted defendants' motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained when she tripped and fell on a sidewalk on premises owned by defendant LMAC Management LLC. The sidewalk was outside of a building in which defendant Greater Niagara Medical Group, P.C. was a tenant. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, and plaintiff now appeals. We affirm.
In a trip and fall case, "a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Doner v Camp, 163 AD3d 1457, 1457 [4th Dept 2018] [internal quotation marks omitted]; see Ash v City of New York, 109 AD3d 854, 855 [2d Dept 2013]). "If a plaintiff is unable to identify the cause of a fall, any finding of negligence would be based upon speculation" (Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1528 [2d Dept 2019] [internal quotation marks omitted]; see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]). That "does not mean that a plaintiff must have personal knowledge of the cause of his or her fall" (Moiseyeva, 175 AD3d at 1529 [internal quotation marks omitted]). "It only means that a plaintiff's inability to establish the cause of his or her fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (id. [internal quotation marks omitted]).
We conclude that defendants met their initial burden on the motion by demonstrating that plaintiff could not identify the cause of her fall without engaging in speculation (see Mallen v Dekalb Corp., 181 AD3d 669, 669-670 [2d Dept 2020]; Ash, 109 AD3d at 855-856; cf. Moiseyeva, 175 AD3d at 1529). In support of their motion, defendants submitted plaintiff's deposition testimony, in which she testified that she turned right when she exited the building and "felt a grab . . . [like her] foot [was] stuck on something." She could not recall which foot became stuck on "something," nor could she recall "exactly" where she tripped and fell. She testified that she believed that she tripped on "a crevice or a knob or something there" but also acknowledged that she could not "really explain the fall."
We further conclude that plaintiff's submissions in opposition to the motion failed to raise a triable issue of fact. Plaintiff's deposition testimony was inconclusive and speculative as to what actually caused her fall (see generally Mallen, 181 AD3d at 669). The affidavit of [*2]plaintiff's expert relied principally on plaintiff's deposition testimony and was thus similarly conjectural (see id. at 670). Inasmuch as plaintiff testified at her deposition that she did not see what caused her to fall on the day of the accident, "it would be speculative to assume that the alleged defect her expert identified in the sidewalk [many] years after the accident caused her fall" (id.; see Burns v Linden St. Realty, LLC, 165 AD3d 876, 877 [2d Dept 2018]). Thus, we conclude that the court properly granted defendants' motion.
In light of our determination, we do not address plaintiff's remaining contentions.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court