Diaz v City of New York (2021 NY Slip Op 00415)





Diaz v City of New York


2021 NY Slip Op 00415


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-09882
 (Index No. 5188/09)

[*1]George Diaz, et al., appellants, 
v
City of New York, et al., defendants, Verizon New York, Inc., et al., respondents (and a third-party action).


Law Office of Yana Rubin, LLC, New York, NY, for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Peter Shapiro and Alexandra J. Rothstein of counsel), for respondent Verizon New York, Inc.
Bartlett LLP, White Plains, NY (David C. Zegarelli and Robert G. Vizza of counsel), for respondent DiFazio Industries, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 19, 2017. The order, insofar as appealed from, granted the motion of the defendant DiFazio Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it and that branch of the motion of the defendant Verizon New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On May 6, 2008, at approximately 11:30 a.m., the plaintiff George Diaz (hereinafter the injured plaintiff) allegedly tripped and fell on a sidewalk adjacent to certain real property in Brooklyn. The injured plaintiff, and his wife suing derivatively, commenced two personal injury actions against various defendants, including the defendants DiFazio Industries, Inc. (hereinafter DiFazio), and Verizon New York, Inc. (hereinafter Verizon), which were subsequently consolidated into one action. DiFazio moved for summary judgment dismissing the complaint insofar as asserted against it, and Verizon separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. DiFazio and Verizon argued, among other things, that summary judgment was appropriate because the plaintiffs were unable to identify the cause of the injured plaintiff's accident. In an order dated June 19, 2017, the Supreme Court, inter alia, granted both motions. The plaintiffs appeal.
"In a trip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1528; see Bilska v Truszkowski, 171 AD3d 685, 686; Singh v City of New York, 136 AD3d 641, 642-643; Altinel v John's Farms, 113 AD3d 709, 709-710). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the [*2]trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855).
Here, DiFazio and Verizon established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting a copy of the injured plaintiff's deposition testimony, which demonstrated that he was unable to identify the cause of his fall without resorting to speculation (see Mallen v Dekalb Corp., 181 AD3d 669; Razza v LP Petroleum Corp., 153 AD3d 740, 741; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination granting DiFazio's motion for summary judgment dismissing the complaint insofar as asserted against it and that branch of Verizon's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court