Waddell v Milwaukee THP, LLC (2023 NY Slip Op 00576)

Waddell v Milwaukee THP, LLC

2023 NY Slip Op 00576

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

925 CA 21-01258

[*1]FRANCES WADDELL, PLAINTIFF-APPELLANT,
v
MILWAUKEE THP, LLC, AND BENDERSON DEVELOPMENT COMPANY, LLC, DEFENDANTS-RESPONDENTS.
MILWAUKEE THP, LLC, AND BENDERSON DEVELOPMENT COMPANY, LLC, THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
TC NOTARO CONTRACTING, INC., THIRD-PARTY DEFENDANT-RESPONDENT. 

LEWIS & LEWIS, P.C., BUFFALO (MICHAEL T. COUTU OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (DANIEL J. CERCONE OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered August 9, 2021. The order granted the motion of defendants-third-party plaintiffs for summary judgment, granted the cross motion of third-party defendant for summary judgment, dismissed the supplemental complaint and third-party complaint, and denied the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when, after descending a set of concrete steps on a sidewalk and stepping onto the ground, her ankle twisted and she fell. The sidewalk steps were located on property owned by defendant-third-party plaintiff Milwaukee THP, LLC and defendant-third-party plaintiff Benderson Development Company, LLC was the property manager (collectively, defendants). Defendants then commenced a third-party action against third-party defendant, TC Notaro Contracting, Inc. (Notaro), which had entered into a contract with Benderson to plow the paved areas of the property, including the sidewalk.
Defendants moved for summary judgment dismissing the supplemental complaint. Thereafter, Notaro cross-moved for summary judgment dismissing plaintiff's supplemental complaint and the third-party complaint, and plaintiff cross-moved for summary judgment on the issue of defendants' negligence and proximate cause. Supreme Court granted defendants' motion and Notaro's cross motion and denied plaintiff's cross motion. Plaintiff and defendants appeal. We affirm.
Contrary to plaintiff's contention on her appeal, we conclude that the court properly [*2]granted defendants' motion for, and Notaro's cross motion insofar as it sought, summary judgment dismissing plaintiff's supplemental complaint. " 'In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall' without engaging in speculation" (Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487 [4th Dept 2014]; see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]). Here, defendants and Notaro met their initial burden on the motion and the cross motion insofar as it sought summary judgment dismissing the supplemental complaint by demonstrating that plaintiff could not identify the cause of her fall without engaging in speculation (see Conners v LMAC Mgt. LLC, 189 AD3d 2071, 2072 [4th Dept 2020]; cf. Doner v Camp, 163 AD3d 1457, 1457 [4th Dept 2018]). In support of their respective motion and cross motion, defendants and Notaro submitted plaintiff's deposition testimony, in which she testified that she never observed the condition of the steps, either before or after she fell, and that she did not know what caused her ankle to twist.
We further conclude that plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In light of our determination, we do not address plaintiff's remaining contentions on her appeal or defendants' contentions on their appeal.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court