Dubois v Jenrich (2025 NY Slip Op 00427)

Dubois v Jenrich

2025 NY Slip Op 00427

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-09226
 (Index No. 53487/20)

[*1]Eileen Dubois, appellant, 
v
Peter Jenrich, respondent.

The Russell Friedman Law Group, LLP, Rochester, NY (Ronald Wright of counsel), for appellant.
The Law Office of David S. Klausner, PLLC, White Plains, NY (Stephen H. Slater of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated October 26, 2022. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained when she tripped and fell while walking on the back deck of the defendant's home in Ghent. The defendant moved for summary judgment dismissing the amended complaint on the ground that the plaintiff was unable to identify the cause of her fall without engaging in speculation. In an order dated October 26, 2022, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"'Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Adzei v Edward Bldrs, Inc., 221 AD3d 639, 640, quoting Grande v Won Hee Lee, 171 AD3d 877, 878 [internal quotation marks omitted]). "'A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Belmonte v City of New York, 220 AD3d 727, 728, quoting Chang v Marmon Enters., Inc., 172 AD3d 678, 679; see Deputron v A & J Tours, Inc., 106 AD3d 944, 945). "'Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation'" (Belmonte v City of New York, 220 AD3d at 728, quoting Colini v Stino, Inc., 186 AD3d 1610, 1611 [internal quotation marks omitted]). "Although '[p]roximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident, . . . mere speculation as to the cause of an accident, when there could have been many [*2]possible causes, is fatal to a cause of action'" (Ash v City of New York, 109 AD3d 854, 855, quoting Constantino v Webel, 57 AD3d 472, 472; see Manavazian v Pietromonaco, 188 AD3d 866, 867).
Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff was unable to identify what caused her to fall without engaging in speculation. The plaintiff's bill of particulars identified the cause of the plaintiff's fall as a "step/unlevel surface." At her deposition, the plaintiff testified that she "went to step up and somehow I landed on my face." When asked if she knew what caused her to fall, the plaintiff responded "no," and further testified that she did not look to see what caused her to fall at the time of the accident. The plaintiff also testified at her deposition that five days after the accident she observed a nail sticking up from the deck, and that she fell because her right foot "caught" on that nail. However, when asked how she knew the nail caused her to fall, the plaintiff stated, "Well, I don't know, however, it's there." Even viewing this evidence in the light most favorable to the plaintiff and according her the benefit of all reasonable inferences, any conclusion that a nail caused the plaintiff to trip and fall, rather than a misstep or loss of balance, would be based on speculation (see Lucas v Genting N.Y., LLC, 227 AD3d 795; Mallen v Dekalb Corp., 181 AD3d 669; Vojvodic v City of New York, 148 AD3d 1086, 1087; Louman v Town of Greenburgh, 60 AD3d 915, 916).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Mallen v Dekalb Corp., 181 AD3d 669, 670). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court