Tam v Blake Realty, LLC (2025 NY Slip Op 05715)

Tam v Blake Realty, LLC

2025 NY Slip Op 05715

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-08471
2023-03440
 (Index No. 607650/17)

[*1]Danielle Tam, appellant, 
v
Blake Realty, LLC, et al., respondents.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Peirce & Salvato, PLLC, White Plains, NY (Kimberly C. Sheehan of counsel), for respondent Blake Realty, LLC.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for respondents Michael Sforza and Russell Sforza.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 14, 2022, and (2) an order of the same court dated February 21, 2023. The order dated September 14, 2022, granted the separate motions of the defendant Blake Realty, LLC, and the defendants Michael Sforza and Russell Sforza for summary judgment dismissing the amended complaint insofar as asserted against each of them. The order dated February 21, 2023, denied the plaintiff's motion for leave to reargue her opposition to the separate motions of the defendant Blake Realty, LLC, and the defendants Michael Sforza and Russell Sforza for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the appeal from the order dated February 21, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 14, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On September 26, 2016, the plaintiff allegedly sustained injuries while attempting to descend an exterior stairway of premises owned by the defendant Blake Realty, LLC (hereinafter Blake Realty), and leased to the defendants Michael Sforza and Russell Sforza (hereinafter together the Sforza defendants). The plaintiff commenced this action to recover damages for her personal injuries. Thereafter, the Sforza defendants and Blake Realty separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. By order dated September 14, 2022, the Supreme Court granted the separate motions. The plaintiff appeals.
"Ordinarily, a defendant moving for summary judgment in a trip-and-fall [or slip-and-[*2]fall] case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]; see Grande v Won Hee Lee, 171 AD3d 877, 878). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Grande v Won Hee Lee, 171 AD3d at 878). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Diaz v City of New York, 190 AD3d 940, 941 [internal quotation marks omitted]; see Osmolska v Giuseppa Morreale Family Trust, 230 AD3d 594, 595).
Here, the Sforza defendants and Blake Realty established their prima facie entitlement to judgment as a matter of law by submitting transcripts of the plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without engaging in speculation (see Osmolska v Giuseppa Morreale Family Trust, 230 AD3d at 595-596). In opposition, the plaintiff failed to raise a triable issue of fact. An affidavit of the plaintiff's expert, who opined that there were certain defects in the stairway, could not create a reasonable inference of causation in the absence of evidence connecting the alleged defects to the accident (see Grande v Won Hee Lee, 171 AD3d at 879).
Accordingly, the Supreme Court properly granted the separate motions of the Sforza defendants and Blake Realty for summary judgment dismissing the amended complaint insofar as asserted against each of them.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court