Kemp v 1000 Broadway, LLC (2026 NY Slip Op 00769)

Kemp v 1000 Broadway, LLC

2026 NY Slip Op 00769

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-09135
 (Index No. 514687/16)

[*1]Constance Kemp, appellant, 
v1000 Broadway, LLC, respondent, et al., defendants.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Morrison Mahoney LLP (Weiner Millo Morgan & Bonanno, LLC, New York, NY [John P. Bonanno], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated July 20, 2023. The order granted that branch of the motion of the defendant 1000 Broadway, LLC, which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, which had been denied in an order of the same court dated December 21, 2022, and, upon reargument, in effect, vacated the determination in the order dated December 21, 2022, denying that branch of that defendant's prior motion, and thereupon granted that branch of the prior motion.
ORDERED that the order dated July 20, 2023, is affirmed, with costs.
In April 2016, while walking down Willoughby Avenue in Brooklyn at approximately 9:30 p.m., the plaintiff allegedly tripped and fell as a result of a missing drainage grate on a sidewalk which allegedly abutted premises owned by the defendant 1000 Broadway, LLC (hereinafter 1000 Broadway). The plaintiff commenced this action against, among others, 1000 Broadway to recover damages for personal injuries. Subsequently, 1000 Broadway moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it on the ground, among other things, that the accident did not occur on the sidewalk in front of any premises it owned. By order dated December 21, 2022, the Supreme Court, inter alia, denied that branch of 1000 Broadway's motion.
Thereafter, 1000 Broadway moved, among other things, for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it on the ground that the Supreme Court overlooked evidence which demonstrated that the plaintiff's accident did not occur in front of premises owned by 1000 Broadway. By order dated July 20, 2023, the Supreme Court granted leave to reargue, and, upon reargument, in effect, vacated the determination in the order dated December 21, 2022, denying that branch of 1000 Broadway's prior motion, and thereupon granted that branch of the prior motion. The plaintiff appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]; see Milennium Dev. & Constr., LLC v Pick, 235 AD3d 737; D'Amico Constr., Inc. v Cow Bay Sprinkler Corp., 233 AD3d 1024, 1025; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773). While the determination to grant leave to reargue lies within the sound discretion of the court (see D'Amico Constr., Inc. v Cow Bay Sprinkler Corp., 233 AD3d at 1025; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773; Barnett v Smith, 64 AD3d 669, 670-671), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Garcia v Cali CW Realty Assoc., L.P., 230 AD3d 1231, 1232; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773). Here, the Supreme Court providently exercised its discretion in granting that branch of 1000 Broadway's motion which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, as it established that, in determining the prior motion, the court misapprehended the pertinent facts regarding the plaintiff's failure to identify the location of the accident (see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695; Newkirk-Briggs v County of Putnam, 60 AD3d 829).
Moreover, upon reargument, the Supreme Court properly granted that branch of 1000 Broadway's prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. A defendant can establish its prima facie entitlement to judgment as a matter of law in a premises liability case by showing that the plaintiff cannot identify the cause and/or location of his or her accident without resorting to speculation (see Singh v City of New York, 136 AD3d 641, 642; see also Dubois v Jenrich, 234 AD3d 932, 932). Here, 1000 Broadway established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by submitting, inter alia, a transcript of the plaintiff's deposition testimony, photographs, and a certified copy of a fire department prehospital care report, which demonstrated that the plaintiff could not identify the location where she tripped and fell without resorting to speculation (see Singh v City of New York, 136 AD3d at 642; see also Williams v Vines, 128 AD3d 1056, 1057). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions have been rendered academic in light of our determination.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court